UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23713-CIV-ALTONAGA

**MALIBU MEDIA, LLC**,

      Plaintiff,
vs.

**JOHN DOE**, subscriber assigned
IP address 98.249.243.254,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff's Amended Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion") [ECF No. 8], filed November 12, 2013, in this copyright infringement action. Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

    1.    The Motion **[ECF No. 8]** is **GRANTED**. Plaintiff has established that "good cause" exists for it to serve a third party subpoena on Comcast Cable (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008); *Arista Records LLC v. Does 1–19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008).

    2.    Plaintiff may serve the ISP with a Federal Rule of Civil Procedure 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

CASE NO. 13-23713-CIV-ALTONAGA

  3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants.

  4. If the ISP that qualifies as a "cable operator," as defined by 47 U.S.C. section 522(5),[1] it shall comply with 47 U.S.C. section 551(c)(2)(B),[2] by sending a copy of this Order to the Defendant.

  5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

  **DONE AND ORDERED** in chambers at Miami, Florida, this 14th day of November, 2013.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[1] Under 47 U.S.C. section 522(5),

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

[2] Pursuant to 47 U.S.C. section 551(c)(2)(B), "[a] cable operator may disclose such [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."